# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

TRAVEON BRAXTON                                                                PLAINTIFF
ADC #171952

V.                              No. 4:21-CV-00430-KGB-JTR

DEXTER PAYNE, Director, ADC, *et al.*                                         DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

On May 17, 2021, Plaintiff, Traveon Braxton ("Braxton"), a prisoner in the Barbara Ester Unit ("BEU") of the Arkansas Division of Corrections ("ADC"), filed a *pro se* § 1983 Complaint alleging that, on November 8, 2020, he noticed raw sewage overflowing from the toilets and showers in his BEU barrack and running

into the barrack's day room area. Doc. 2 at 4. According to Braxton, this caused him having to breath in the stench of sewage and eat with raw sewage on the floors, from November 8, 2020 until November 13, 2020, when the drains were finally unclogged. *Id.* Thereafter, Braxton alleges that the barracks were not properly cleaned and sanitized until November 20, 2020, causing him to have to live in unsanitary conditions for a total of twelve days. *Id. at 5*.

Braxton was allowed to proceed with his claims that: (1) Defendants Warden Gary Musselwhite ("Musselwhite"), Deputy Warden Michelle Gray ("Gray"), and Corporal Sandra Gracy ("Gracy"), were aware of the unsanitary conditions and their corrective inaction amounted to deliberate indifference to his constitutional rights; and (2) Defendant Dexter Payne ("Payne"), the ADC Director, condoned the constitutional violations, as demonstrated by his denial of Braxton's grievance appeal. *Doc. 6 at 2*.

On September 23, 2021, Defendants Payne, Musselwhite, Gray, and Gracy (collectively "Defendants") filed a Motion for Summary Judgment on the issue of exhaustion, a Brief in Support, and a Statement of Undisputed Material Facts. *Docs. 15-17*.

On September 24, 2021, the Court entered an Order informing Braxton of his right to file a Response to the Motion. *Doc. 18*. In particular, the Order stated:

> [P]ursuant to Local Rule 56.1, Plaintiff must file a separate "short and concise statement of material facts as to which he contends a

genuine issue exists to be tried." Plaintiff's "Statement of Disputed Facts" must state whether he "agrees" or "disagrees" with the factual statements in *each* of the numbered paragraphs in Defendants' Statement of Undisputed Facts (*Doc. 16*). **If Plaintiff disagrees with any of the facts in Defendants' Statement of Undisputed Facts, he *must*: (1) identify each numbered paragraph that contains the facts he disputes; (2) for each paragraph, explain why he disputes those facts; *and* (3) include a citation to the evidence he is relying on to support his version of the disputed fact.**

*Doc. 18 at 1-2* (emphasis in original).

Braxton did not file a Response to the Motion or a Statement of Disputed Facts, and the time to do so has long since passed. Accordingly, all facts alleged by Defendants in their Statement of Undisputed Facts (*Doc. 16*) are now deemed admitted. *See Doc. 23*; Local Rule 56.1(c).[1]

---

[1] Local Rule 56.1, entitled "Summary Judgment Motion," provides, in relevant part:

In addition to the requirements set forth in Local Rule 7.2, the following requirements shall apply in the case of motions for summary judgment.

    (a) Any party moving for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, shall annex to the notice of motion a separate, short and concise statement of the material facts as to which it contends there is no genuine dispute to be tried.

    (b) If the non-moving party opposes the motion, it shall file, in addition to any response and brief, a separate, short and concise statement of the material facts as to which it contends a genuine dispute exists to be tried.

    (c) All material facts set forth in the statement filed by the moving party pursuant to paragraph (a) *shall be deemed admitted unless controverted by the statement filed by the non-moving party* under paragraph (b). (Emphasis added).

3

## II.  Discussion

### A. For Braxton to Fully and Properly Exhausted His Administrative Remedies He Had to Comply with the ADC's Policies, Directives and Rules Governing Exhaustion

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies *before* filing a § 1983 action: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007); *see also Woodford v. Ngo*, 548 U.S. 81, 88-91 (2006).

The PLRA also requires prisoners to: (1) fully and properly exhaust their available administrative remedies as to each claim in the complaint; and (2) complete the exhaustion process *before* filing an action in federal court. *Jones,* 549 U.S. at 211, 219-20, 223-24; *Woodford,* 548 U.S. at 93-95; *Burns v. Eaton,* 752 F.3d 1136, 1141-42 (8th Cir. 2014); *Johnson v. Jones,* 340 F.3d 624, 626-28 (8th Cir. 2003). Importantly, "it is the prison's requirements, and not the PLRA, that define the

4

boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out, and doing so properly so that the agency addresses the issues on the merits"). Thus, to satisfy the PLRA, Braxton must comply with the ADC's exhaustion requirements before he can properly bring those claims in a § 1983 action.

The relevant ADC directives and regulations governing exhaustion require that, in connection with each claim, a prisoner must, among other things: (1) "specifically name each individual involved;" (2) state only one problem or issue per grievance; and (3) include a "brief statement that is specific as to the substance of the issue or complaint to include the date, place [and] personnel involved or witnesses." *See* ADC Adm. Dir. ("AD") 19-34, § IV(C)(4), (D)(2), & (E)(2). The grievance forms themselves also contain these instructions to ensure prisoners are aware of them. *Id*. at Att. 1 ("Briefly state your one complaint/concern and be specific as to the complaint, date, place, name of personnel involved and how you were affected."). If an ADC inmate wishes to grieve more than one issue, he or she "must use a separate [grievance] form for each issue[, as] [o]nly one issue will be addressed in the response to a grievance." *Id*. at § IV(D)(2). Any [a]dditional problems/issues contained in the grievance will not be addressed and will not be considered as exhausted." *Id*. Finally, the ADC's policy cautions prisoners that, if

5

they fail to "exhaust their administrative remedies *as to all defendants at all levels* of the grievance procedure … their lawsuits or claims may be dismissed immediately" under the PLRA. *Id.* at § IV(N) (emphasis added); *see also Id.* at § IV(C)(4) & (D)(2) (both advising inmates to fully exhaust a grievance *before* filing a lawsuit).

Thus, with respect to Braxton's claims against Defendants, he was required to fully and properly exhaust the ADC's three-step administrative grievance process. *Id.* at §§ IV(D)-(G). This required him to file: (1) a "Step One" informal resolution raising his claims and naming each Defendant, within fifteen days of the incident; (2) a "Step Two" formal grievance raising his claims with the Warden, within three working days of the denial of the informal resolutions for each of his claims; and (3) a "Step Three" appeal to the ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's Decision on each of his grievances. *Id*.

### B. Based On The Undisputed Material Facts, Braxton Failed To Exhaust His Administrative Remedies On All Of His Claims

The following material facts are now deemed admitted:

1. Terri Grigsby-Brown, the ADC's Inmate Grievance Supervisor, reviewed Braxton's grievance file and looked for any grievances relevant to the claims Braxton is asserting against the Defendants in this action. *Doc. 16 at 3–4*; *Doc. 15-1 at 1, 4–5*.

6

2.      Grigbsy-Brown did not find *any* grievance that exhausted Braxton's claims as to any Defendant. *Doc. 16 at 4*; *Doc. 15-1 at 4*.

3.      Grigby-Brown found one grievance relevant to the claims in this lawsuit: Grievance No. ESU20-00194. This grievance describes Braxton's concerns regarding raw sewage on the floor between November 9, 2020 and November 13, 2020. However, this grievance did not name Dexter Payne, Gary Musselwhite, Michelle Gray, or Sandra Gracy or state any specific complaint against them. As a result, the ADC was deprived of an opportunity to investigate how, if at all, any of the Defendants were personally involved in that problem. *Doc. 16 at 4*; *Doc. 15-1 at 5*; *see also*, Grievance No. ESU20-00194 (*Doc. 15-3*).

Because ESU20-00194 is Braxton's *only* grievance complaining about the November 2020 raw sewage incident, his exhaustion of administrative remedies hinges entirely on that grievance.[2]  *Doc. 2 at 10-11*; *Doc. 15-1 at 5*; *Doc. 15-3 at 1-3*. Braxton's failure to name or otherwise identify in that grievance any of the Defendants against whom he has asserted claims in this action, and explain how they were involved in creating or failing to solve that plumbing problem, means that he did not comply with: (1) AD 19-34 at § (IV)(C)(4) (requiring an inmate's grievance

---

[2] Braxton completed all three steps of the grievance process with regard to ESU20-194. *Doc. 15-3 at 1–3*. According to the ADC decision maker's Step 2 and Step 3 responses, the plumbing in 1C and 1D was fixed on November 13, 2020. *Doc. 15-3 at 2–3*.

to "*specifically name each individual involved* in order that a proper investigation and response may be completed") (emphasis added); and (2) AD 19-34 at §(IV)(E)(2) (stating a prisoner's Step One informal resolution should contain "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, *personnel involved* or witnesses, and how the policy or incident affect the inmate submitting the form") (emphasis added).[3]

Accordingly, because Braxton did not fully and properly exhaust his administrative remedies on any of the claims he is alleging against the Defendants, their Motion for Summary Judgment should be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Defendants' Motion for Summary Judgment (*Doc. 15*) should be GRANTED and Braxton's Complaint should be DISMISSED, WITHOUT PREJUDICE.

DATED this 15th day of July, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The only individual named by Braxton in ESU20-00194 was "Lt. Brooks," who he did *not* name as a defendant in this action.